UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA L. STOBAUGH,

        Petitioner,

                                                           CASE NO. 2:10-CV-12236
v.                                               HONORABLE AVERN COHN

PAUL D. KLEE,

        Respondent.
_____/

**ORDER DISMISSING PETITION WITHOUT PREJUDICE
AND DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Joshua Stobaugh is a a state prisoner currently confined at the Cooper Street Correctional Facility in Jackson, Michigan. Petitioner raises claims concerning the validity of his sentence and the effectiveness of trial and appellate counsel in his habeas petition.

As will be explained, Petitioner has not fully exhausted his state court remedies as to all of his habeas claims. Therefore, the petition will be dismissed without prejudice. A certificate of appealability and leave to proceed *in forma pauperis* on appeal will also be denied.

**II. Facts and Procedural History**

In 2008, Petitioner pleaded guilty to third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a), in the Kent County Circuit Court and was sentenced to

three years four months to 15 years imprisonment. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals claiming that the trial court incorrectly scored the state sentencing guidelines. See Pet., p. 2. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Stobaugh*, No. 293848 (Mich. Ct. App. Nov. 17, 2009) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, as well as claims that his presentence report was inaccurate and that trial and appellate counsel were ineffective. See Pet., p. 2. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Stobaugh*, 486 Mich. 902, 780 N.W.2d 804 (April 27, 2010).

Petitioner dated his federal habeas petition on May 22, 2010 and it was filed by the Court on June 7, 2010. He raises the following claims:

I. Erroneously scored minimum guidelines resulting in a lengthier sentence.

II. Using information in PSI (presentence report) that was properly challenged.

III. Ineffective assistance of defense counsel at initial court proceeding.

IV. Ineffective assistance of appellate counsel.

### III. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan

2

prisoner must first present each issue he seeks to raise on habeas review to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Here, Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He admits that he did not present his presentence report and ineffective assistance of trial and appellate counsel claims to the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. His presentation of those claims to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Petitioner has thus failed to properly exhaust all of his habeas claims in the Michigan courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the

district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

A federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary.

Additionally, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he

4

pursues his state court remedies in a prompt fashion.  The one-year period does not begin to run until 90 days after the conclusion of direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about July 26, 2010.  Thus, the one-year limitations period has yet to commence.  The one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending.  *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Given that the full one-year period remains, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so.  A stay is unnecessary.

Petitioner has also not shown good cause for failing to fully exhaust his claims in the state courts, *i.e.*, by filing a motion for relief for judgment, before proceeding in federal court on habeas review.  Moreover, at least some of his unexhausted claims appear to concern matters of federal law which may warrant further review.  His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

### IV.  Conclusion

For the reasons stated above, Petitioner has not fully exhausted his state court remedies as to the claims contained in his petition.  Accordingly, the petition is **DISMISSED WITHOUT PREJUDICE.**  Should Petitioner wish to delete the unexhausted claims and proceed only on his fully exhausted claim concerning the scoring of the sentencing guidelines, he may move to re-open this case and amend his petition to proceed only on the exhausted claim within 30 days of the filing date of this order.  The

Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). For the reasons explained above, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* is also **DENIED**. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**


Dated: June 23, 2010        S/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to Joshua Stobaugh, 709251,Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201 on this date, June 23, 2010, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160